## Albert M. Greenfield & Co. v. Asset-Interest B. & L. Ass'n.

*Wolf, Block, Schorr & Solis-Cohen,* for plaintiff.
*Joseph Moss* and *Emanuel Moss,* for defendant.

GORDON, JR., J., Jan. 9, 1931.—This proceeding in equity is before us upon a rule for a decree for the amount admitted to be due by the answer to the bill.

The bill avers and the answer admits that the plaintiff, which is a shareholder in the defendant building and loan association and owned shares on which it had paid in a total of $1275, gave notice to the association on March 3, 1930, of its desire to withdraw as a shareholder, and that the defendant has failed and refused to pay the withdrawal value of its shares to it. The bill also avers that a merger of the defendant with other building and loan associations is in contemplation, to which it objects and in which it declines to join. The relief asked for is a decree restraining the contemplated merger and directing payment to the plaintiff of the value of its shares as of the date of notice of withdrawal. On Aug. 30, 1930, the defendant filed preliminary objections to the bill, in which it contended, *inter alia,* that the plaintiff had an adequate remedy at law. On Sept. 19th of the same year, the objections were overruled, with leave to the defendant to answer over. The defendant then filed its answer to the merits, in which, in addition to the admissions noted above, it averred that, at the time the notice of withdrawal was given, the defendant association was insolvent; that, in the then condition of its affairs, the actual value of the plaintiff's stock, as shown by an appraisement by expert appraisers, was $725; that there were eighty-two applications for withdrawal received by the board of directors in advance of the plaintiff's demand; that, since the institution of the suit, the defendant had completed the merger referred to and had merged with two other associations; and that, under the terms and conditions of the merger, all notices of cancellation and withdrawal were canceled and payment of all withdrawals

was postponed for a period of two years. The answer also reiterates the contention of the preliminary objection that the plaintiff has an adequate remedy at law; but as this question was decided adversely to the defendant by the dismissal of the preliminary objection, it is not open to discussion at this time.

It is evident from the pleadings as outlined above that, were it not for the merger of the defendant with other building and loan associations, which occurred subsequent to the date of the suit, a judgment could not be entered against the defendant, since insolvency is a defense to a suit by a withdrawing shareholder for the value of his shares: Brown *v.* Victor Building Association and Stone *v.* New Schiller Building & Loan Association et al., both of which were decided by the Supreme Court on Jan. 5, 1931, and are not yet reported. This defense has been lost to the defendant here, however, by its merger with other corporations, for it has been held that a merger of one corporation with another effects a dissolution of the original corporation; and merging corporations are required by law to set aside sufficient to take care of the demands of dissenting shareholders who decline to go along with the new management. Although the pleadings do not disclose that this was done when the merger was consummated, it may be assumed that it was, as equity will presume one to have done everything which the law makes prerequisite to the lawful performance of an act. To the extent, therefore, of the proportionate value of the shares of withdrawing and non-consenting shareholders, the corporation will be assumed to have performed its duty under the law and to have placed itself in a position to respond to their lawful demands. The recent decisions of the Supreme Court, referred to above, which hold that a shareholder of a building and loan association cannot withdraw when the association is insolvent, or when the withdrawal might tend to render it insolvent, do not rule the case before us, because no question of insolvency can arise to prevent a non-consenting skareholder from demanding and receiving a proportionate share of his association's assets before the merger is consummated. The same basic equitable considerations which prevent a shareholder from withdrawing from an embarrassed association, and thus securing a preference, would operate to prevent his fellow-shareholders from compelling him against his will to go along with the merger plans by refusing to pay, or set aside for, him the proportionate value of his shares before taking over to the new association their proportionate shares of the assets.

The proportionate value of the plaintiff's shares being admittedly $725, that sum at least is presently due to it, and the only question that remains to be considered is one of procedure. The defendant contends that there is no provision in the equity rules for a rule such as that taken by the plaintiff for the amount admitted by the answer to be due. It is true that there is no specific rule upon this subject such as there is in the common pleas practice. Rule 91 of the equity rules, however, provides that "in all cases where these rules do not apply, the practice shall conform, as nearly as may be, to the practice in courts of law in regard to the particular matter; and in all other respects shall be regulated by the practice in equity prescribed by the Supreme Court of the United States, so far as the same may reasonably be applied, consistently with the local circumstances and local convenience of the county where the court is held, not as positive rules, but as furnishing just analogies to regulate the practice." It is evident that this rule was intended, in all matters not specifically covered by rule, to adapt "as nearly as may be" the practice of the law courts to the working out of questions arising in equity. Thus, for example, a defendant who is sued in equity and fails to challenge the jurisdiction of the court because of the existence of an adequate remedy at law thereby waives that objection and subjects himself to the jurisdiction of

equity. In this manner a case might arise which would not be strictly equitable in character and as to which the general equity rules would be inapplicable. By adapting the common pleas rules applicable to suits at law in like matters, however, justice and equity can be done expeditiously and in an orderly and effective procedure. This was clearly one of the reasons for the adoption of Rule 91, and the case before us falls, in our judgment, well within both the spirit and the letter of that rule. The Act of May 31, 1893, P. L. 185, provides for the taking of judgments at law for the amount admitted to be due in affidavits of defense, and the practice there described was properly followed by the plaintiff in its rule for a decree for the amount admitted to be due in the answer to the bill.

The defendant's objection to this practice upon the ground that but one final decree can be entered in a case is also without merit. It is true that, as to final decrees, the general rule is that only one can be entered in an equity proceeding. Equity practice is replete, however, with many instances in which payments ascertained to be presently due, or acts the performance of which are presently required that justice may be done, are directed. In such a situation the fact that the command of the decree is *pro tanto* final and conclusive furnishes no equitable reason for withholding the immediate relief which the case demands. A decree for the immediate payment by receivers of ascertained and admitted debts and the postponement of disputed claims to a later time is but one of the instances in which equity frequently requires anticipatory payments to be made before the entry of a final decree. This objection, therefore, is without merit.

The plaintiff's rule for a decree for the sum of $725, being the amount admitted by the defendant's answer to be due, is, therefore, made absolute, without prejudice to the plaintiff to proceed for the balance of its claim.

Counsel for plaintiff will submit to the court a form of decree to be entered in conformity with this opinion.